IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DONELLE M. KEATON, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL ACTION NO. |
| COBB COUNTY, GEORGIA, MICHELE MARCHANT-WELLMON, individually & officially, and SHONELL SFREDDO, individually & officially, | * | 1:06-CV-1438 RWS |
| Defendants. | * | **JURY TRIAL DEMAND** |

**COMPLAINT**

Comes Now, Plaintiff, Donelle M. Keaton, and files her complaint against the above-named Defendants on the following grounds:

**INTRODUCTION**

1.

This is an action for race discrimination pursuant to 42 U.S.C. § 2000e et seq. (Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991). This is also an action for race discrimination pursuant to 42 U.S.C. § 1983 and the Equal Protection clause of the United States Constitution.

**JURISDICTION**

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3.

Defendant Cobb County is a public body corporate and politic in the State of Georgia with governing authority created pursuant to Art. IX, § 1, ¶ 1 of the Georgia Constitution. Defendant Cobb County resides within the State of Georgia. This Court has personal jurisdiction over Defendant Cobb County.

4.

Defendant Michele Marchant-Wellmon serves as the Director for the Juvenile Court of Cobb County. Defendant Marchant-Wellmon is sued in her individual and official capacity. Defendant Marchant-Wellmon resides within the State of Georgia. This Court has personal jurisdiction over Defendant Marchant-Wellmon.

5.

Defendant Shonell Sfreddo serves as the Clerk of Juvenile Court for the Juvenile Court of Cobb County. Defendant Sfreddo is sued in her individual and official capacity. Defendant Sfreddo resides within the State of Georgia. This Court has personal jurisdiction over Defendant Sfreddo.

**VENUE**

6.

Defendants reside within the Northern District of Georgia. All actions alleged herein occurred within the Northern District of Georgia. Venue in this district is proper for Defendants under 28 U.S.C. § 1391(b) & (c).

**THE PARTIES**

7.

The Plaintiff is an African-American female citizen of the United States who resides at 1810 Tree Terrace Parkway, Austell, Douglas County, Georgia 30168.

8.

Since approximately August of 2001, the Plaintiff has been employed with Defendant Cobb County as a Judicial Administrative Technician III.

9.

Defendant Cobb County is a public entity operating local government as Cobb County in the State of Georgia. Defendant Cobb County is subject to the jurisdiction of this Court. Defendant Cobb County may be served with summons and process by service upon Chairman, Samuel S. Olens, 100 Cherokee Street, Marietta, Cobb County, Georgia 30090-9679.

10.

Defendant Marchant-Wellmon serves as the Director for the Juvenile Court of Cobb County. Defendant Marchant-Wellmon is subject to the jurisdiction of this Court. Defendant Marchant-Wellmon may be served with summons and process by service upon her at Cobb County Juvenile Court, 1738 County Services Parkway, Marietta, Cobb County, Georgia 30008-4028.

11.

Defendant Sfreddo serves as the Clerk of Court for the Juvenile Court of Cobb County. Defendant Sfreddo is subject to the jurisdiction of this Court. Defendant Sfreddo may be served with summons and process by service upon her at Cobb County Juvenile Court, 1738 County Services Parkway, Marietta, Cobb County, Georgia 30008-4028.

**FACTS**

12.

In 2000, the Plaintiff received her Bachelor's degree in Organizational Management from Morris College.

13.

In August of 2001, the Plaintiff began her employment with the Cobb County Juvenile Court as a Judicial Administrative Technician III.

14.

Throughout her employment, the Plaintiff has performed her duties in a satisfactory or above manner.

15.

In approximately March of 2005, Defendant Cobb County advertised a limited announcement to employees of the Juvenile Court for the position of Clerk of Juvenile Court.

16.

In approximately March of 2005, Defendant Cobb County advertised a limited announcement to employees of the Juvenile Court for the position of Judicial Administrative Supervisor.

17.

The written announcement for the position of Clerk of Juvenile Court stated "[f]our year degree preferred."

18.

The written announcement for the position of Judicial Administrative Supervisor stated "[f]our year degree preferred."

19.

In March of 2005, The Plaintiff applied for the position of Clerk of Juvenile Court.

20.

In March of 2005, The Plaintiff applied for the position of Judicial Administrative Supervisor.

21.

The other applicants who applied for the position of Clerk of Juvenile Court were: Shonell Sfreddo (white), Janice Walker (white), Debra Widner (white), Kathy Wallace (white), and Susan Marler (white).

22.

Defendant Marchant-Wellmon concluded that the Plaintiff was one of the top four candidates for the position of Clerk of Juvenile Court.

23.

Defendant Marchant-Wellmon concluded that Walker was not one of the top four candidates for the position of Clerk of Juvenile Court.

24.

The other applicants who applied for the position of Judicial Administrative Supervisor were: Janice Walker (white), Debra Widner (white), Kathy Wallace (white), and Celeste Depatie (white).

25.

On or about April 14, 2005, the Plaintiff was interviewed by Defendant Marchant-Wellmon for the position of Clerk of Juvenile Court.

26.

After the first interview on or about April 14, 2005, the Plaintiff was told by Defendant Marchant-Wellmon that she was one of the top two candidates for the position of Clerk of Juvenile Court.

27.

On or about April 14, 2005, the Plaintiff was told by Defendant Marchant-Wellmon that she was not selected for the position of Clerk of Juvenile Court.

28.

On or about April 18, 2005, the Plaintiff was told by Defendant Marchant-Wellmon that Sfreddo was selected for the position Clerk of Juvenile Court.

29.

Sfreddo does not possess a four-year degree from a college or university.

30.

The Plaintiff is better qualified than Sfreddo for the position of Clerk of Juvenile Court.

31.

The position of Judicial Administrative Supervisor reports to the Clerk of Juvenile Court.

32.

The duties performed by the Judicial Administrative Supervisor are similar of the Clerk of Juvenile Court.

33.

On or about April 21, 2005, the Plaintiff was interviewed by Defendant Marchant-Wellmon and Defendant Sfreddo for the position of Judicial Administrative Supervisor.

34.

Within approximately two hours after the Plaintiff's interview for the position of Judicial Administrative Supervisor, Defendant Sfreddo told the Plaintiff that she was not being selected for the Judicial Administrative Supervisor because she was not going in the direction she wanted to go.

35.

Prior to the interviews for the position of Judicial Administrative Supervisor, the former Clerk of Juvenile Court, Janice Boyles recommended the Plaintiff for the position of Judicial Administrative Supervisor to Defendant Marchant-Wellmon and/or Defendant Sfreddo.

36.

On or about May 9, 2005, the Plaintiff was told by Defendant Marchant-Wellmon that Walker was selected for the position of Judicial Administrative Supervisor.

37.

Walker does not possess a four-year degree from a college or university.

38.

Prior to the interviews for the position of Judicial Administrative Supervisor, Boyles did not recommend Walker for the position of Judicial Administrative Supervisor to Defendant Marchant-Wellmon and/or Defendant Sfreddo.

39.

The Plaintiff is better qualified than Walker for the position of Judicial Administrative Supervisor.

40.

Defendants failed to comply with its own written policies by failing to create an certification list.

41.

On or about March 15, 2006, the Equal Employment Opportunity Commission concluded that it is "more likely than not" that the Plaintiff was discriminated against based upon her race in the denial of the position of Judicial Administrative Supervisor.

42.

Defendants have engaged in intentional and unlawful race discrimination by denying the Plaintiff promotions.

43.

Defendants have engaged in a custom, policy, and/or practice of discriminating based upon race in the promotion of black employees.

44.

Defendant Cobb County delegated the final policy making authority with respect to promotions in the Juvenile Court to Defendant Marchant-Wellmon and Defendant Sfreddo.

45.

Defendants have engaged in unlawful race discrimination by treating the Plaintiff differently in her terms and conditions of employment than similarly situated white employees.

46.

Defendant has engaged in illegal discrimination against the Plaintiff because of her race.

**COUNT ONE: TITLE VII – RACE DISCRIMINATION**

47.

Plaintiff incorporates herein paragraphs 1 through 46 of her Complaint.

48.

Defendant Cobb County is an "employer" engaged in an industry affecting commerce as defined by 42 U.S.C. § 2000e(b).

49.

Defendant Cobb County has engaged a continuous pattern and practice of intentional race discrimination in violation of Title VII.

50.

Defendant Cobb County's conduct violates 42 U.S.C. § 2000e et seq., Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

51.

On June 11, 2005, the Plaintiff filed a timely charge alleging race discrimination with the Equal Employment Opportunity Commission (hereinafter referred to as "EEOC"). (A true and accurate copy of EEOC Charge of Discrimination # 110-2006-02851 is attached hereto as Exhibit A)

52.

On or about June 12, 2006, the Plaintiff received her "Notice Of Right To Sue" letter for EEOC Charge of Discrimination # 110-2006-02851. (A true and accurate copy of the Notice Of Right To Sue letter is attached hereto as Exhibit B)

53.

The Plaintiff has filed this action under Title VII within ninety (90) days after receipt of her "Notice Of Right To Sue" letter.

54.

Defendant Cobb County's discriminatory conduct in violation of Title VII has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

55.

Defendant Cobb County's actions have caused Plaintiff to suffer mental and emotional distress entitling her to compensatory damages pursuant to 42 U.S.C. § 1981a.

### COUNT TWO: § 1983 EQUAL PROTECTION RACE CLAIM AGAINST COBB COUNTY

56.

Plaintiff incorporates herein paragraphs 1 through 55 of her Complaint.

57.

Defendant Cobb County has continuously engaged in a pattern and practice of intentional race discrimination in violation of 42 U.S.C. § 1983 and the Equal Protection Clause of the United States Constitution.

58.

Defendant Cobb County has engaged in a custom, policy, and/or practice of discriminating against employees based upon race.

59.

Defendants have acted under the color of state law.

60.

Defendant Cobb County delegated the final policy making authority to Defendant Marchant-Wellmon and Defendant Sfreddo with respect to employment decisions.

61

Defendants' discriminatory conduct has resulted in the loss of pay, benefits, prestige, and has caused Plaintiff to suffer mental and emotional distress.

62.

Defendants have acted with malice and reckless indifference to the Plaintiff's federally protected rights thereby entitling her to punitive damages.

**COUNT THREE:   § 1983 EQUAL PROTECTION RACE CLAIM
AGAINST MARCHANT-WELLMON & SFREDDO**

63.

Plaintiff incorporates herein paragraphs 1 through 62 of her Complaint.

64.

Defendants have engaged in intentional race discrimination in violation of 42 U.S.C. § 1983 and the Equal Protection Clause of the United States Constitution.

65.

Defendants have acted under the color of state law.

66.

Defendants' discriminatory conduct has resulted in the loss of pay, benefits, prestige, and caused Plaintiff to suffer mental and emotional distress.

67.

Defendants have engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights thereby entitling her to punitive damages.

**PRAYER FOR RELIEF**

68.

Wherefore, Plaintiff prays for a judgment as follows:

1. That the Court order Defendants to promote Plaintiff to the position of Clerk of Juvenile Court or a substantially similar position and/or to the position of Judicial Administrative Supervisor position or a substantially similar position;
2. That the Court grant full front pay to the Plaintiff;
3. That the Court grant full back pay to the Plaintiff;
4. That the Court grant Plaintiff compensatory damages for the humiliation, emotional distress, and other damages caused by Defendants' conduct;

5. That the Court grant Plaintiff punitive damages for Defendants' malicious and recklessly indifferent conduct;

6. That the Court grant Plaintiff all employment benefits she would have enjoyed had she not been wrongfully denied promotions;

7. That the Court grant Plaintiff expenses of litigation, including reasonable attorneys' fees pursuant to Title VII, 42 U.S.C. § 1988 and/or as otherwise allowed by law;

8. That the Court grant Plaintiff a jury trial;

9. That the Court grant Plaintiff all other relief the Court deems just and proper; and,

10. That the Court grant temporary, preliminary, and permanent injunctive relief prohibiting Defendants from engaging in further discriminatory conduct.

Respectfully submitted this 15th day of June 2006.

**THE REDDY LAW FIRM, P.C.**

_____
K. PRABHAKER REDDY
Attorney at Law
Georgia Bar No. 597320

Please serve:

K. Prabhaker Reddy
THE REDDY LAW FIRM, P.C.
Attorneys at Law
17 Executive Park Drive
Suite 420
Atlanta, Georgia 30329
Telephone: (404) 320-9393
Facsimile: (404) 320-7422