IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DONNELL M. KEATON,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NO.** |
| | **1:06-CV-1438 (RWS)** |
| v. | |
| **COBB COUNTY, GEORGIA** | |
| **MICHELE MARCHANT-WELLMON,** | |
| **INDIVIDUALLY & OFFICIALLY,** | |
| **AND SHONELL SFREDDO,** | |
| **INDIVIDUALLY & OFFICIALLY,** | |
| **Defendants.** | |

## ANSWER AND DEFENSES

COME NOW Defendants, by and through Counsel, and file this Answer to Plaintiff's Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Some or all of Plaintiff's claims may be barred by waiver and/or estoppel.

### THIRD DEFENSE

Plaintiffs' claims for punitive damages are barred by statutory authority and/or because alleged actions, and omissions, if any, of Defendants fails to rise to the level required to sustain an award of punitive damages.

### FOURTH DEFENSE

Defendants' actions relative to Plaintiff's employment were based on legitimate, non-discriminatory reasons.

### FIFTH DEFENSE

Defendants show that any injuries and/or damages alleged by Plaintiff were a result of Plaintiff's own negligence, or of Plaintiff's own acts, or the actions of third parties.

### SIXTH DEFENSE

Defendants did not breach any duty owed to Plaintiff by any act or any omission to act.

### SEVENTH DEFENSE

Some or all of Plaintiffs' claims are barred by an insufficiency of service and/or process of service.

## EIGHTH DEFENSE

Cobb County, Georgia has not consented to be sued in this action and its sovereign immunity has not been waived; therefore, this Defendant is immune from liability.

## NINTH DEFENSE

Individual Defendants Marchant-Wellmon and Sfreddo, employees of Cobb County, Georgia, invoke as a separate and distinct defense to Plaintiff's Complaint the privilege of official immunity, as may be applicable under the laws of the State of Georgia and present case law.

## TENTH DEFENSE

Defendants show that some or all of Plaintiffs' damages, if any, were caused by acts and/or by the failure to act of persons and/or entities other than these Defendants.

## ELEVENTH DEFENSE

Plaintiff's claim for injunctive relief is estopped by Plaintiff's failure to satisfy the legal prerequisites for injunctive relief.

## TWELFTH DEFENSE

Defendants respond as follows to the numbered paragraphs of Plaintiff's Complaint:

1.

Defendants admit Plaintiff brings her claims for the purposes stated; Defendants deny Plaintiff suffered any deprivation of rights under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1983 or the Equal Protection clause of the United States Constitution.

2.

Defendants admit that Plaintiff purports to raise claims under the authorities set forth and admit this court has jurisdiction.

3.

Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

Defendants admit the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

Defendants admit the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.

Defendants admit that venue in this district is proper.

7.

Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

Defendants admit the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

Defendants admit the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

Defendants admit the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Defendants admit the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

Defendants admit the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Defendants admit the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

Defendants admit the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

Defendants admit the written announcement for the position of Clerk of Juvenile Court included the words, "[f]our year degree preferred."

18.

Defendants admit the written announcement for the position of Judicial Administrative Supervisor included the words, "[f]our year degree preferred."

19.

Defendants admit the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

Defendants admit the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Defendants admit the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

Defendants admit the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.

Defendants admit the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.

Defendants admit the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Complaint as stated.

27.

Defendants admit the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.

Defendants admit the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

Defendants admit the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.

Defendants admit the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.

Defendants deny the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.

Defendants deny the allegations contained in Paragraph 33 of Plaintiff's Complaint as stated.

34.

Defendants deny the allegations contained in Paragraph 34 of Plaintiff's Complaint as stated.

35.

Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Complaint as stated.

36.

Defendants admit the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.

Defendants admit the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.

Defendants deny the allegations contained in Paragraph 38 of Plaintiff's Complaint as stated.

39.

Defendants deny the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.

Defendants deny the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.

Defendants admit the EEOC made the alleged finding regarding the Judicial Administrative Supervisor position. Defendants deny discriminating against Plaintiff.

42.

Defendants deny the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.

Defendants deny the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.

Defendants deny the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.

Defendants deny the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46.

Defendants deny the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47.

Defendants incorporate by reference their responses to paragraphs 1-46 of the Complaint.

48.

Defendants admit the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49.

Defendants deny the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50.

Defendants deny the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.

Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.

Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53.

Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54.

Defendants deny the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55.

Defendants deny the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56.

Defendants incorporate by reference their response to paragraphs 1-55 of Plaintiff's Complaint.

57.

Defendants deny the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58.

Defendants deny the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59.

Defendants deny the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60.

Defendants deny the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.

Defendants deny the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62.

Defendants deny the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63.

Defendants incorporate by reference their responses to paragraphs 1-62 of Plaintiff's Complaint.

64.

Defendants deny the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65.

Defendants deny the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66.

Defendants deny the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67.

Defendants deny the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68.

GENERAL DENIAL

Defendants deny each and every allegation, inference, or conclusion of Plaintiff's Complaint, which has not herein been admitted, controverted or specifically denied; and Defendants further deny Plaintiff is entitled to any relief from Defendants in any capacity.

WHEREFORE, having fully and completely answered the allegations of Plaintiff's Complaint, Defendants hereby request the following relief of the Court:

(a)   That judgment be entered dismissing Plaintiff's Complaint;

(b)   That all costs be assessed against Plaintiff; and

(c)   That Defendants be granted such other and further relief as this Court deems reasonable, necessary and appropriate.

This 5th day of July, 2006.

BY: /s/Deborah L. Dance
**DEBORAH L. DANCE**
Assistant County Attorney
Georgia Bar No. 203765

        **BY:**/s/Mark A. Adelman
         **MARK A. ADELMAN**
         Senior Associate County Attorney
         Georgia Bar No. 004788

Cobb County Attorney's Office
100 Cherokee Street, Suite 595
Marietta, Georgia 30090-7000
(770) 528-4000; (770) 528-4010 Facsimile

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **DONNELL M. KEATON,** | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION |
| | * | FILE NO. 1:06-CV-1438RWS |
| v. | * | |
| | * | |
| **COBB COUNTY, GEORGIA, et al,** | * | |
| | * | |
| Defendants. | * | |

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of July, 2006, I electronically filed Defendants' **Answer and Defenses** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorney of record:

> K. Prabhaker Reddy
> THE REDDY LAW FIRM, PC
> 17 Executive Park Drive, Ste 420
> Atlanta, Georgia  30329

This 5th day of July, 2006.

                                        COBB COUNTY ATTORNEY'S OFFICE

                                        **BY:**/s/Deborah L. Dance
                                        **DEBORAH L. DANCE**
                                        Assistant County Attorney
                                        Georgia Bar No. 203765

       **BY:**/s/Mark A. Adelman  
        **MARK A. ADELMAN**  
        Senior Associate County Attorney  
        Georgia Bar No. 004788