**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| DONELLE KEATON, : | |
| : | |
| Plaintiff, : | |
| : | |
| v.  : | CIVIL ACTION NO. |
| : | 1:06-CV-1438-RWS |
| COBB COUNTY, GEORGIA; : | |
| MICHELE : | |
| MARCHANT-WELLMAN : | |
| individually and officially; and : | |
| SHONELL SFREDDO, : | |
| individually and officially, : | |
| : | |
| Defendant. : | |

## **ORDER**

This case is before the Court for consideration of the Report and Recommendation [42] of Magistrate Judge Alan J. Baverman and Defendants' Motion for Leave to File Excess Pages [45]. As an initial matter, Defendants' Motion for Leave to File Excess Pages [45] is **GRANTED**. After considering the Report and Recommendation ("R&R") and the Objections thereto, the Court enters the following Order.

Plaintiff, an African-American female filed a civil action against Cobb County, Georgia ("Cobb County"), and Shonell Sfreddo and Michele Marchant-

AO 72A
(Rev.8/82)

Wellman (the "individual Defendants") in their individual and official capacities (collectively "Defendants"). Plaintiff alleged that Cobb County engaged in race discrimination in violation of the Equal Protection clause of the Fourteenth Amendment and Title VII of the Civil Rights Act of 1964. She also alleged that Sfreddo and Marchant-Wellman engaged in race discrimination under color of state law, in violation of the Equal Protection clause of the Fourteenth Amendment. These claims arise from the Defendants' failure to select Plaintiff for two positions in the Cobb County Juvenile Court: the Clerk of Court position in April 2005 and the Judicial Administrative Supervisor ("JAS") position also in April 2005.

Defendants filed a Motion for Summary Judgment on all of Plaintiff's claims. Judge Baverman entered an R&R recommending that Defendants' Motion for Summary Judgment be granted as to all of Plaintiff's claims except Plaintiff's Title VII claim against Cobb County concerning the JAS position and Plaintiff's § 1983 claims against Sfreddo and Marchant-Wellman concerning the failure to promote Plaintiff to the JAS position. Judge Baverman also found that the individual Defendants were not entitled to qualified immunity.

This Court agrees with the conclusions recommending the granting of summary judgment and adopts the findings of fact and conclusions of law of the R&R as to all of those claims.  The Court also adopts the findings of fact as to the claims for which denial of summary judgment is recommended.  However, the Court sustains Defendants' objection to the conclusion of law that the facts of the present case warrant an exception to the Eleventh Circuit requirement that a plaintiff must establish pretext for all legitimate, nondiscriminatory reasons for an employment action proffered by a defendant.  (R&R at 79-81).

"Defendant has raised three legitimate, nondiscriminatory reasons for not promoting Plaintiff [to the JAS position]: her interview responses, Walker's superior supervisory experience, and Walker's greater experience."  (R&R at 79.)  Although Judge Baverman found that "Plaintiff has not offered any evidence to undermine the veracity of Defendant's reason that Walker had better experience," he found this case to be an exception to the "rule that a plaintiff must establish pretext as to each proffered reason."  (R&R at 80.)  He relies upon a footnote in Chapman v. AI Transp., 229 F.3d 1012, 1037 n. 30 (11th Cir. 2000)(en banc) to support this exception. (See R&R at 80.)  But, the footnote on which he relies—rather than indicating that such an exception

3

might exist— (1) rejected the dissent's application of such an exception and (2) expressed no view on its availability in other cases:

> The dissenting opinion would carve out a number of exceptions to the well-established rule that a plaintiff must show pretext as to each proffered reason. To the extent this case presents a factual basis for any such exception, we reject that exception. To the extent this case does not present a factual basis for such an exception, *we express no view* on whether that exception might exist in some case with different facts.

Id. (emphasis added).

Furthermore, seven years after Chapman, a unanimous panel of the Eleventh Circuit appeared to have rejected the notion that the dissent in Chapman advances and the notion on which Judge Baverman relies—namely, that indirect rebuttal evidence may suffice to show discrimination, despite the defendant's proffer of a legitimate, and unrebutted, non-discriminatory reason. See Crawford v. City of Fairburn, 482 F.3d 1305, 1308 (11th Cir. 2007). ("If the employer proffers more than one legitimate, nondiscriminatory reason, the plaintiff must rebut each of the reasons to survive a motion for summary judgment."). Noting that a plaintiff must meet each reason proffered "head on" and rebut it, the Court rejected the plaintiff's argument that evidence of discriminatory animus could establish pretext:

4

> Crawford erroneously argues that evidence of a discriminatory animus allows a plaintiff to establish pretext without rebutting each of the proffered reasons of the employer. The cases he cites for this proposition are inapposite, because in each case the plaintiff presented evidence that directly rebutted the proffered reasons of the employer . . . . By failing to rebut *each* of the legitimate, nondiscriminatory reasons of the City, Crawford has failed to raise a genuine issue of material fact about whether those reasons were pretext for discrimination.

Id. at 1309 (emphasis in original).

Following the decision in Crawford, several district courts within this circuit appear to have rejected the exception proposed by the Chapman dissent. See, e.g., Sabatier v. Suntrust Bank, No. 06-20418-CIV, 2008 WL 108796, at *15 (S.D. Fla. Jan. 4, 2008) ("The Court notes that the governing standard in this Circuit is set forth in Crawford v. City of Fairburn, where the Eleventh Circuit held that '[i]f the employer proffers more than one legitimate, nondiscriminatory reason, the plaintiff must rebut each of the reasons to survive a motion for summary judgment.'"); Cone v. Health Management Associates, Inc., No. 606CV081, 2007 WL 1702867, at *3 (S.D. Ga. June 11, 2007) ("[A] recent Eleventh Circuit case has altered the analytical framework. Now, when a plaintiff brings only a prima facie case and 'discriminatory-motivation' evidence, the defendant is entitled to summary judgment. In other words,

5

'unworthy-of-credence' evidence is required for every articulated legitimate, non-discriminatory reason." (citing Crawford, 482 F.3d at 1309)).

The Court concludes that Plaintiff is required to rebut each of the legitimate, nondiscriminatory reasons proffered by Defendants to survive summary judgment. "Plaintiff has not offered any evidence to undermine the veracity of Defendants' reason that Walker had better experience." (R&R at 80.) Therefore, Defendants are entitled to summary judgment on Plaintiff's claims relating to the failure to promote Plaintiff to the JAS position.

Based on the foregoing, Defendants' Motion for Leave to File Excess Pages [45] is **GRANTED**, and Defendants' Motion for Summary Judgment [25] is **GRANTED** as to all claims. Judgment shall be entered in favor of Defendants.

**SO ORDERED**, this  19th  day of February, 2008.

                                                      **RICHARD W. STORY**
                                                      **UNITED STATES DISTRICT JUDGE**

AO 72A
(Rev.8/82)